# NO. 12-13-00300-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *THE STATE OF TEXAS IN* | *§* | *APPEAL FROM THE* |
| *THE BEST INTEREST AND* | *§* | *COUNTY COURT AT LAW* |
| *PROTECTION OF A. S.,* | *§* | *CHEROKEE COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

A.S. appeals from an order authorizing the Texas Department of State Health Services (the Department) to administer psychoactive medication-forensic. In one issue, A.S. asserts the evidence is legally and factually insufficient to support the trial court's order. We affirm.

### BACKGROUND

On September 12, 2013, Dr. Jill Pontius signed an application for an order to administer psychoactive medication-forensic to A.S. In the application, Pontius stated that A.S. was subject to an order for inpatient mental health services issued under Chapter 46B (incompetency to stand trial) of the Texas Code of Criminal Procedure. She testified that A.S. had been diagnosed with bipolar I disorder, manic severe with psychotic features, and she requested the trial court to compel A.S. to take certain psychoactive medications. According to Pontius, A.S. refused to take the medications voluntarily and, in her opinion, A.S. lacked the capacity to make a decision regarding administration of psychoactive medications because he had paranoid thinking that interfered with his rational comprehension. Pontius concluded that these medications were the proper course of treatment for A.S. and that, if he were treated with the medications, his prognosis would be improved with a likelihood of competency restoration. Pontius believed that, if A.S. were not administered these medications, the consequences would be prolonged

hospitalization and psychotic decompensation. Pontius considered other medical alternatives to psychoactive medications, but determined that those alternatives would not be as effective. She believed the benefits of the psychoactive medications outweighed the risks in relation to present medical treatment and A.S.'s best interest. Pontius also considered less intrusive treatments likely to secure A.S.'s agreement to take psychoactive medications.

On September 17, the trial court held a hearing on the application. At the close of the evidence, the trial court granted the application. On that same date, after considering all the evidence, including the application and the expert testimony, the trial court found that the allegations in the application were true and correct and supported by clear and convincing evidence. Further, the trial court found that A.S. lacked the capacity to make a decision regarding administration of the medications and that treatment with the proposed medications was in A.S.'s best interest. The trial court authorized the Department to administer the requested psychoactive medications to A.S. This appeal followed.

### GROUNDS ON APPEAL

On appeal, A.S. frames his sole issue by stating generally that the evidence is legally and factually insufficient to support the trial court's order. However, in his argument, he contends only that the State failed to prove, by clear and convincing evidence, that he presented a danger to himself or others in the inpatient mental health facility.

### Applicable Law

Section 574.106 authorizes a trial court to issue an order for the administration of one or more classes of psychoactive medications to a patient who is under a court order to receive inpatient mental health services. TEX. HEALTH & SAFETY CODE ANN. § 574.106(a) (West 2010). The court may issue the order if it finds, by clear and convincing evidence, that (1) the patient lacks the capacity to make a decision regarding the administration of the proposed medication and (2) treatment with the proposed medication is in the best interest of the patient. *Id*. § 574.106(a-1)(1). Further, the court may issue the order if (1) the patient was ordered to receive inpatient mental health services by a criminal court with jurisdiction over the patient, and (2) if the court finds, by clear and convincing evidence, (a) that treatment with the proposed medication is in the best interest of the patient and (b) the patient presents a danger to the patient

2

or others in the inpatient mental health facility in which the patient is being treated as a result of a mental disorder or mental defect. *Id.* § 574.106(a-1)(2).

**Analysis**

Here, A.S. does not dispute that he is subject to Section 574.106, but argues that the language of Section 574.106(a-l)(2) required a finding that he presented a danger to himself or others in the inpatient mental health facility. *See* TEX. HEALTH & SAFETY CODE ANN. § 574.106(a-l)(2). Sections 574.106(a-l)(l) and 574.106(a-l)(2) provide alternative bases for court ordered administration of psychoactive medications. The trial court found, as required by Section 574.106(a-l)(l), that A.S. lacked the capacity to make a decision regarding administration of medications and that treatment with the proposed medication was in A.S.'s best interest. Because the trial court made these findings, there was no need to determine whether A.S. presented a danger to himself or others as required by Section 574.106(a-l)(2). A.S.'s argument to the contrary is without merit.

Based on the foregoing discussion, we conclude that the trial court was not required to find that A.S. was a danger to himself or others in the inpatient mental health facility. Accordingly, we overrule A.S.'s sole issue.

**DISPOSITION**

Having overruled A.S.'s sole issue, we *affirm* the trial court's order.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered December 20, 2013.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)

3



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**DECEMBER 20, 2013**

**NO. 12-13-00300-CV**

**THE STATE OF TEXAS IN THE BEST
INTEREST AND PROTECTION OF A. S.**

Appeal from the County Court at Law
of Cherokee County, Texas (Tr.Ct.No. 40606)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the trial court's order authorizing the Texas Department of State Health Services to administer psychoactive medication-forensic.

It is therefore ORDERED, ADJUDGED and DECREED that the order of the trial court below authorizing the Texas Department of State Health Services to administer psychoactive medication-forensic **be in all things affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*